IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRANSOCEAN OFFSHORE GULF OF GUINEA VII LIMITED and INDIGO DRILLING LIMITED, | § § § § | |
| Petitioners, | § § | |
| v. | § § | CIVIL ACTION NO. H-17-2623 |
| ERIN ENERGY CORPORATION (f/k/a CAMAC ENERGY INC.), | § § § § | |
| Respondent. | § | |

**ORDER**

**I.  Background**

The petitioners, Transocean Offshore Gulf of Guinea VII Limited and Indigo Drilling Limited, moved to enforce arbitral awards and for entry of final judgment under the 1958 New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards. (Docket Entry No. 24). The respondent, Erin Energy Corporation, objected and moved to dismiss for lack of subject-matter jurisdiction. (Docket Entry No. 29). The petitioners replied. (Docket Entry No. 29). The question is whether an arbitral award entered by the parties' consent is subject to the Convention.

Based on careful review of the petition, the motion to confirm the arbitral awards and to enter final judgment, the motion to dismiss, the briefs, the record, and the applicable law, the court grants the petitioners' motion, (Docket Entry No. 24), and dismisses the respondent's motion to dismiss, (Docket Entry No. 29). The reasons for these rulings are explained below.

**II.  Facts**

1

The parties participated in the arbitration proceeding in *Transocean Offshore Gulf of Guinea VII Limited v. Erin Energy Corporation (f/k/a CAMAC Energy Inc.*, Arbitration No. 163241, before the London Court of International Arbitration. (Docket Entry No. 24 at 1). The arbitration arose from a dispute over a contract for drilling equipment, personnel, and services in the waters off the coast of Nigeria. (Docket Entry No. 25-1 at 5). Before the arbitration hearing and findings, the parties consented to the entry of an arbitral award by the tribunal. (Docket Entry No. 24 at 4); (Docket Entry No. 25-1 at 6–7); (Docket Entry No. 28 at 1).

The tribunal issued two awards: a first partial final award by consent, (Docket Entry No. 25-1), and a partial final award on legal costs, (Docket Entry No. 26-1).[1] After providing background on the underlying dispute and the parties' subsequent agreement, the consent award stated: "WE DECLARE AS FOLLOWS," followed by six declarations about the amounts the respondent owed the petitioners. (Docket Entry No. 25-1 at 7). The consent award then stated: "WE ORDER AND DIRECT AS FOLLOWS," followed by the associated terms and conditions. *Id.* at 7–9. The award is attached to this Memorandum and Opinion as Attachment 1.

## III. The Parties' Contentions

The petitioners, Transocean and Indigo, argue that the respondent, Erin Energy, has not paid the amounts it owes under the consent award and the legal-costs award. (Docket Entry No. 24 at 7). They petition for confirmation of the awards under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified in the Federal Arbitration Act, 9 U.S.C. §§ 201–08. *Id.* Transocean and Indigo argue that their action is timely, that the award is sufficiently definite, and that there are no grounds for vacatur. *Id.* at 7, 10–14.

---

[1] The partial final award on legal costs is not challenged.

They argue that the court has subject-matter jurisdiction over this action because the consent award is subject to the Convention, *id.* at 8, and that "[t]he argument that an award is not enforceable under the New York Convention simply because the award is consensual ignores the fact that the entire arbitration process is founded on the consent of the partes . . . ." *Id.* at 9; *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 943 (1995) ("[A]rbitration . . . is a way to resolve those disputes—but only those disputes—that the parties have agreed to submit to arbitration."). Lastly, Transocean and Indigo argue that the tribunal made the consent award under its authority to resolve the parties' dispute. (Docket Entry No. 24 at 10).

Erin Energy argues in response that subject-matter jurisdiction is lacking because the consent award is not subject to the Convention. (Docket Entry No. 28 at 2–5). Erin Energy cites the 2016 United Nations Commission on International Trade Law Secretariat Guide on the Convention, which states: "The Convention is silent on the question of its applicability to decisions that record the terms of a settlement between parties. During the Conference, the issue of the application of the Convention to such decisions was raised, but not decided upon. Reported case law does not address this issue." *Id.* at 2. According to Erin Energy, the Convention's silence meant that it was not intended to apply to consent awards. *Id.* at 2–3.

Erin Energy argues that a consent award is fundamentally different from other arbitral awards because an arbitral award represents the tribunal's conclusions, not the parties' agreement. *Id.* at 3. Erin Energy points to the London Court of International Arbitration's rules as evidence that consent awards are treated differently from other arbitral awards. *Id.* Rule 26.2 states: "The Arbitral Tribunal shall make any award in writing and, unless all parties agree in writing otherwise, shall state the reasons upon which such award is based." Rule 26.9 states:

> In the event of any final settlement of the parties' dispute, the Arbitral Tribunal may decide to make an award recording the settlement if the parties jointly so request in writing . . ., provided always that such Consent Award shall contain an express statement on its face that it is an award made at the parties' joint request and with their consent. A Consent Award need not contain reasons. If the parties do not jointly request a Consent Award, on written confirmation by the parties to the LCIA Court that a final settlement has been reached, the Arbitral Tribunal shall be discharged and the arbitration proceeding concluded by the LCIA Court . . . .

*Id.* Erin Energy argues that Rule 26.2 requires every "award" to include written reasons, and that consent awards are not "awards" because Rule 26.9 exempts them from the written-reason requirement. *Id.* at 3–4.

## IV. The Legal Standards

### A. The Convention Requirements for Arbitral Award Confirmation

In 1970, Congress enacted enabling legislation for the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201–208. "The goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n. 15 (1974) (citation omitted). The Convention grants district courts subject-matter jurisdiction over actions to confirm arbitral awards to which the Convention applies. *See* 9 U.S.C. § 203 ("An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding . . . ."); 9 U.S.C. § 207 ("Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the

arbitration."); *see also Vaden v. Discover Bank*, 129 S. Ct. 1262, 1272 n. 9 (2009) ("[The Convention Act] does expressly grant federal courts jurisdiction to hear actions seeking to enforce an agreement or award falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards."); *Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 212 (4th Cir. 2002) ("[T]he Convention and its implementing legislation . . . give federal district courts original jurisdiction over actions to compel or confirm foreign arbitration awards."); *Daihatsu Motor Co., Ltd. v. Terrain Vehicles, Inc.*, 13 F.3d 196, 198 (7th Cir. 1993) (stating that "§ 203 of the Convention's enabling statute . . . along with § 207, vests district courts with the authority to confirm foreign arbitral awards"). The Convention applies to arbitral awards "arising out of a legal relationship, whether contractual or not, which is considered as commercial." 9 U.S.C. § 202.

Under the Convention, if a party applies for a court order confirming an arbitral award, the court—assuming jurisdiction—must confirm the award unless there are grounds for vacating, modifying, or correcting it. 9 U.S.C. § 207 ("Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention."). The confirmation of an arbitral award is a summary proceeding that converts a final award into a court judgment. *Encyclopaedia Universalis S.A. v. Encyclopaedia Britannica, Inc.*, 403 F.3d 85, 89 n.2 (2d Cir. 2005); *Yusef Ahmed Algahanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997); *Val-U Const. Co. of S.D. v. Rosebud Sioux Tribe*, 146 F.3d 573, 582 (8th Cir. 1998); *Cullen v. Paine, Webber, Jackson & Curis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989); *Taylor v. Nelson*, 788 F.2d 220, 225 (4th Cir. 1986).

Judicial review of an arbitral award is "extraordinarily narrow" and "exceedingly deferential." *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2003); *Gulf Coast Indus. Workers Union v. Exxon Co.*, 991 F.2d 244, 248 (5th Cir.1993); *Psarianos v. Standard Marine, Ltd.*, 790 F.Supp. 134, 135 (E.D.Tex.1992), *aff'd*, 12 F.3d 461 (5th Cir.), *cert. denied*, 511 U.S. 1142 (1994). The grounds for vacatur or modification are limited to: incapacity or legal invalidity, improper notice or inability to present case, improper scope, improper arbitral authority composition or failure to follow arbitral procedure, award set aside or suspended or not yet binding, incapable of settlement by arbitration, and recognition or enforcement would be contrary to public policy. The party opposing enforcement or moving to vacate has the burden of proof. *Encyclopaedia Universalis*, 403 F.3d at 90; *Lummus Glob. Amazonas S.A. v. Aguaytia Energy del Peru S.R. Ltda.*, 256 F. Supp. 2d 594, 604 (S.D. Tex. 2002) (citing *Spector v. Torenberg*, 852 F.Supp. 201, 206 (S.D.N.Y.1994)).

**B.     The Standards for a Motion to Dismiss for Lack of Subject-Matter Jurisdiction**

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Bloom v. Mem'l Hermann Hosp. Sys.*, 653 F. App'x 804, 805 (5th Cir. 2016). "Lack of subject-matter jurisdiction may be found in the complaint alone, the complaint supplemented by the undisputed facts as evidenced in the record, or the complaint supplemented by the undisputed facts plus the court's resolution of the disputed facts." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, the

6

plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Id.* When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Arena v. Graybar Elec. Co.*, 669 F.3d 214, 223 (5th Cir. 2012). The court has wide discretion to allow affidavits or other documents and to hold a limited evidentiary hearing to resolve disputed jurisdictional facts. *See Superior MRI Servs., Inc. v. All. Healthcare Servs., Inc.*, 778 F.3d 502, 504 (5th Cir. 2015). The court may consider matters outside the pleadings to resolve factual challenges to subject-matter jurisdiction without converting the motion to dismiss to one for summary judgment. *See Battaglia v. United States*, 495 F. App'x 440, 441 (5th Cir. 2012).

**V.    Analysis**

    **A.    The Motion to Dismiss**

Erin Energy's only argument against confirming the arbitral award is that it is a "consent award" and therefore not subject to the Convention. Erin Energy concludes that the petition must be dismissed because the court lacks subject-matter jurisdiction. (Docket Entry No. 28). In lieu of citing case law, Erin Energy cites the 2016 United Nations Commission on International Trade Law Secretariat Guide on the Convention, which states that neither the Convention nor reported case law specifically address consent awards. *Id.* at 2. That is no longer the case.

In 2017, in a case with analogous facts and legal issues, the Southern District of New York held that an award "entered into by consent of the parties, as opposed to being based on an arbitrator's resolution of the factual and legal disputes," covered by and subject to the Convention. *Albtelecom SH.A v. UNIFI Commc'ns, Inc.*, 2017 WL 2364365, at *5 (S.D.N.Y. May 30, 2017). The

petitioner in *Albtelecom* sought confirmation of an arbitral award decided by an arbitrator of the International Chamber of Commerce's International Court of Arbitration. The award was based on the parties' consent. *Id.* at *1. The respondent's "sole argument" against confirmation was that the award was made by the parties' consent, which the respondent asserted showed that the parties had resolved their dispute "outside of arbitration." *Id.* at *5. The *Albtelecom* court disagreed for two reasons. First, though the parties could have dismissed the arbitration to pursue a private settlement agreement, they instead "affirmatively asked [the arbitrator] to adopt as part of an . . . arbitral Award, *in haec verba*, the terms of their settlement agreement in the Award." *Id.* Second, the respondent cited no case law to support treating a consent award as outside the Convention, or entitled to less preclusiveness or enforceability, than an award entered through an adjudicative proceeding by the tribunal, even if the parties do not agree with the outcome. *Id.* As the court explained:

> There is no reason for such an exception. On the contrary, the opposite rule would discourage resolution of disputes in mid-arbitration. Parties who initiate arbitration under the [arbitral court] might be less willing to settle, were the implication of a settlement that the resulting Award would lose its enforceability under the New York Convention. There is indeed limited law on this point, presumably because Awards achieved following the parties' consent are less likely to result in later disputes. But the limited available precedents reflect recognition and enforcement of Awards entered into based on stipulations by the parties.

*Id.*

The analysis in *Albtelecom* is thorough and persuasive. This court reaches a similar result. The parties in this case did not dismiss the arbitration. Rather, they opted to continue the arbitration proceedings even after they came to their own agreement. While the tribunal did not make findings or reach legal conclusions, it made an award that bound the parties, within its power. (Docket Entry No. 25-1 at 7–9). No binding or persuasive statutory language or case law requires a court to hold that a tribunal must reach its own conclusions, separate from the parties' agreement, to make a valid,

8

binding award subject to the Convention. As the *Albtelecom* court noted, this rule would dissuade parties from seeking arbitration in the first place or benefitting from the efficiencies it is meant to provide.

Erin Energy cites the London Court of International Arbitration rules, but they hurt, not help, its argument. Rule 26.2 states that "any award" made by the tribunal must be in writing "and, *unless all parties agree in writing otherwise*, shall state the reasons upon which such award is based." (Docket Entry No. 28 at 3 (emphasis added)). Rule 26.9 states that a consent award "need not contain reasons." *Id.* Erin Energy argues that an "award" cannot be a consent award because Rule 26.2 requires *any* award to contain reasons and Rule 26.9 permits consent awards without reasons. But Erin Energy ignores the punctuation in Rule 26.2 and the text of Rule 26.9. "[U]nless all parties agree in writing otherwise" in Rule 26.2 refers to consent awards, confirmed by the procedure in Rule 29.2. "In the event of any final settlement of the parties' dispute, the Arbitral Tribunal may decide to make an award recording the *settlement if the parties jointly so request in writing . . . .*" *Id.* (emphasis added). Rule 26.2, in other words, states that all awards, except for consent awards, must state the reasons the award is based on. The rules make no distinction between consent awards and other arbitral awards.

Because the consent award made by the London Court of International Arbitration is subject to the Convention, this court has subject-matter jurisdiction under 9 U.S.C. § 203 to confirm the arbitral awards in this case.

### B. Confirmation of the Arbitral Awards

Because the petitioners brought this action within three years after the arbitral awards were made, the first partial final award by consent and the partial final award on legal costs must be

9

confirmed unless there are grounds to refuse or defer recognition or enforcement. 9 U.S.C. § 207; (Docket Entry No. 25-1 at 10 (consent award made on July 19, 2017); (Docket Entry No. 26-1 at 7 (legal costs award made on October 24, 2017)). The Convention lists seven grounds for refusing to enforce an arbitral award. Convention, art. V; *Tricon Energy, Ltd. v. Vinmar Int'l, Ltd.*, No. 4:10-CV-05260, 2011 WL 4424802, at *12 (S.D. Tex. Sept. 21, 2011), *aff'd*, 718 F.3d 448 (5th Cir. 2013) (citing *Admart AG v. Stephen and Mary Birch Found., Inc.*, 457 F.3d 302, 307–08 (3d Cir. 2006) (listing the seven grounds)). "The party opposing enforcement of an arbitral award has the burden to prove that one of the seven defenses under the New York Convention applies." *Encyclopaedia Universalis*, 403 F.3d at 90; Convention, art. V ("Recognition and enforcement of the award may be refused, at the request of the party against whom it is invoked, only if that party furnishes to the competent authority where the recognition and enforcement is sought, proof that [one of the defenses applies]."); *Lummus*, 256 F. Supp. 2d at 604 (S.D. Tex. 2002).

Erin Energy does not argue that the awards should not be confirmed on any ground but lack of subjectp-matter jurisdiction. Based on a "narrow" and "deferential" review of the arbitral awards, the court finds that the awards must be confirmed. *Prestige Ford v. Ford Dealer Computer Servs., Inc.*, 324 F.3d 391, 393 (5th Cir. 2003); *Gulf Coast Indus. Workers Union v. Exxon Co.*, 991 F.2d 244, 248 (5th Cir.1993); *Psarianos v. Standard Marine, Ltd.*, 790 F.Supp. 134, 135 (E.D.Tex.1992), *aff'd*, 12 F.3d 461 (5th Cir.), *cert. denied*, 511 U.S. 1142 (1994). There is no basis to vacate or modify either of the awards. The awards reflect that both parties fully participated in the arbitration proceedings.

**VI.    Conclusion**

Transocean's and Indigo's motion to enforce the arbitral awards and for entry of final

judgment under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards, (Docket Entry No. 24), is granted. Erin Energy's motion to dismiss for lack of subject-matter jurisdiction, (Docket Entry No. 29), is denied. The first partial final award by consent, (Docket Entry No. 25-1), and the partial final award on legal costs, (Docket Entry No. 26-1), are confirmed as this court's judgment.

SIGNED on March 12, 2018, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge